[Doc. No. 12]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **DENNIS L. CARLSON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 06-3779(RBK) |
| : | |
| **TOWNSHIP OF LOWER ALLOWAYS** : | |
| **CREEK, et. al.,** : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

      This matter is before the Court on the "Motion to Amend the Pleadings" [Doc. No. 12] filed by Mark S. Gertel, Esquire, counsel for Plaintiff, Dennis L. Carlson. Plaintiff requests leave to file an Amended Complaint to add a cause of action under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et seq., and for common law retaliation. The Court has exercised its discretion pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1 to decide Plaintiff's Motion without oral argument. For the reasons to be discussed, Plaintiff's Motion is DENIED.

      Plaintiff filed his Complaint [Doc. No. 1] on August 11, 2006. Plaintiff alleges that Defendants, Township of Lower Alloways Creek, Mayor Wallace Bradway, and the members of the Township Committee of Lower Alloways Creek, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq., and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq., by discriminating against him based upon his age. Plaintiff also alleges Defendants terminated his employment contract in retaliation for the

claim he filed with the Equal Employment Opportunity Commission and the New Jersey Division of Civil Rights.  Plaintiff further alleges that Defendants improperly denied him tenure and terminated his employment without notice or a hearing.

In support of his Motion, Plaintiff argues that Defendants violated CEPA by refusing to rehire or reinstate him after his employment contract was terminated.  Plaintiff claims Defendants retaliated against him because he informed the Township Committee that naming his permanent replacement violated New Jersey law.  Plaintiff further contends that his proposed cause of action is not futile and granting his Motion will not unduly delay the resolution of the case or prejudice Defendants.  Plaintiff also argues that he was and continues to be denied reinstatement or rehire because of ongoing retaliation.  Defendants oppose Plaintiff's Motion.  Defendants argue that the proposed amendment is futile because CEPA does not apply to a failure to reinstate or rehire a former employee.  Defendants also argue that Plaintiff's proposed common law claim is futile because Plaintiff does not allege that "the Township discharged him based on actions taken by plaintiff during the course of his employment."  See Defendants' Brief [Doc. No. 14] at 9.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend pleadings "shall be freely given when justice so requires."  Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment.  Foman v. Davis, 372 U.S. 178, 182 (1962); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  "[A]bsent substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of

2

amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (quoting Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)). An amendment sought pursuant to Rule 15(a) shall be permitted unless it would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Medpointe Healthcare, Inc. v. Hi-Tech Pharm. Co., Inc., 380 F.Supp.2d 457, 462 (D.N.J. 2005) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). The Court must accept as true all factual allegations contained in the proposed amended complaint and any reasonable inferences that can be drawn from them. Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)). The factual allegations must be enough, when taken as true, to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955, 1974 (2007). Since the Court must analyze the futility of Plaintiff's claims using the same standard applicable to Rule 12(b)(6) motions, for present purposes the Court may only consider the allegations contained in the proposed amended complaint and its exhibits and not matters outside the pleadings. See Pension Benefit Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1998).

By way of general background, CEPA is a civil rights statute whose purpose is to "protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct." Abbamont v. Piscataway Township Bd. of Educ., 138 N.J. 405, 431 (1994). CEPA prohibits an employer from retaliating

against an employee who reports "an activity, policy or practice of the employer . . . that the employee reasonably believes  . . . is in violation of a law . . . or regulation."  N.J.S.A. 34:19-3(a).  CEPA should be construed liberally to effectuate its "important social goal."  Abbamont, 138 N.J. at 431.

Although CEPA should be construed liberally, it only "covers action taken . . . with respect to the employment relationship established between [an] employer and employee."  Young v. Schering Corp., 141 N.J. 16, 32 (1995) (citations omitted).  CEPA defines an "employee" as "any individual who performs services for and under the control and direction of an employer . . .."  N.J.S.A. 34:19-2(b).  The New Jersey Appellate Division held that the term "employee" under CEPA only applies to current employees.  Beck v. Tribert, 312 N.J.Super. 335, 344 (App. Div. 1998).  In deciding that post-employment negative references were not an adverse employment action under CEPA, the court in Beck stated:

> CEPA defines "employee" as "any individual who performs services for and under the control and direction of an employer . . .."  The use of the present tense - "performs" - suggests the Legislature intended to include under CEPA only adverse employment actions that are taken against an employee while he or she is still an employee, and not after termination.  Along similar lines, the Legislature distinguished "employees" from "former employees" in N.J.S.A. 34:19-5 by allowing "former employees" terminated in violation of CEPA one year to file an action under the Act.  If the Legislature intended "terms and conditions of employment" to include job references given by an employer for former employees, then it would have included the term "former employees" in N.J.S.A. 34:1-2e, which defines "retaliatory action."

Id. (internal citations omitted) (emphasis supplied).  See also Young v. Schering Corp., supra, at 32 (post-employment actions that interfered with a former employees' potential employment relationship with a third party fell outside the scope of retaliatory actions covered under CEPA);

Manee v. Edgewood Properties, Inc., 2007 WL 268248, at *11 (N.J. App. Div. February 1, 2007) ("CEPA does not impose liability upon a former employer for alleged post-employment actions that affect a former employee"); Zubrycky v. ASA Apple, Inc., 381 N.J.Super. 162, 168 n.2 (App. Div. 2005) ("We find no merit in plaintiff's claim that defendant violated CEPA by opposing his unemployment claim, because defendant's action occurred after plaintiff resigned, and CEPA does not apply to post-employment conduct").

Plaintiff's proposed amendment alleges that following his termination, "[h]e did advise members of the Lower Alloways Creek Township Committee that the last replacement or successor to him as Superintendent of Public Works . . . was contrary to the demands of New Jersey law." See Plaintiff's proposed Fifth Claim for Relief at ¶1.  Further, Plaintiff alleges that "[a]s a consequence of this disclosure, the Township Committee has retaliated against the plaintiff and has engaged in the adverse employment action of refusal to reinstate plaintiff to his former position." Id. at ¶2.  Plaintiff's proposed claim alleges that Defendants' adverse employment action took place after he was terminated on September 20, 2005 and ceased working as Superintendent in December 2005.  Since Plaintiff's proposed amendment addresses a claim that took place after he was terminated and was no longer in an employment relationship with Defendants, Plaintiff's CEPA claim is futile.

Plaintiff relies on the New Jersey Supreme Court's decision in Abbamont v. Piscataway Township Bd. of Educ., supra.  In Abbamont, an industrial arts teacher claimed that the defendants violated CEPA by not rehiring him as a tenured teacher for reporting what he believed were health and safety issues in his classroom. Id. at 414. The key issue in Abbamont was whether the plaintiff was denied tenure because the defendants retaliated against him.  The

5

decision simply does not support Plaintiff's claim that a failure to re-hire a former employee is covered under CEPA.  In Plaintiff's April 2, 2008 Letter Brief [Doc. No. 21], he also relies on a number of decisions that address the retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3, and their application to post-employment retaliation.  However, the anti-retaliation language in Title VII does not include language, such as is present in CEPA, that limit its scope to actions that only affect employment or alter the conditions of the workplace.[1]  Thus, Title VII cases are inapposite to the issue before this Court.

Plaintiff cannot maintain a claim under CEPA based on Defendants' decision not to rehire him because this alleged adverse employment action occurred after Plaintiff's employment was terminated.  CEPA does not apply to actions taken against a former employee.  Plaintiff's alleged claim under CEPA, even after all of his factual allegations are taken as true, does not create a viable cause of action.  Therefore, Plaintiff's proposed CEPA amendment is futile and must be denied.

Plaintiff also proposes to amend his Complaint to include a claim for common law retaliation under Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980).[2]  Under Pierce, an

---

[1] "The scope of the anti-retaliation provision [of Title VII] extends beyond workplace-related or employment-related retaliatory acts and harm" and applies to post-employment retaliatory acts  Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 67 (2006). "[A]n ex-employee may file a retaliation action against a previous employer for retaliatory conduct occurring after the end of the employment relationship when the retaliatory act is in reprisal for a protected act within the meaning of [Title VII] and arises out of or is related to the employment relationship." Charlton v. Paramus Bd. of Education, 25 F.3d 194, 200 (3d Cir. 1994); see also Wilkerson v. New Media Technology Charter School, Inc., 522 F.3d 315, 320-21 (3d Cir. 2008) (stating that a failure to rehire may constitute an adverse employment action under Title VII).

[2] Defendants argue that Plaintiff cannot bring a common law claim under Pierce because he is also  alleging a claim under CEPA.  New Jersey courts have held that the waiver provision

employee may bring a cause of action for wrongful discharge when the discharge is "contrary to a clear mandate of public policy." Id. at 72. A plaintiff may bring an action in contract or tort for wrongful discharge for refusing to perform an act that would violate public policy. Id. at 73. The employee must also report the illegal conduct to a governmental body prior to discharge. Young, 141 N.J. at 27. However, a common law claim under Pierce is limited to a claim for wrongful discharge or other retaliatory action affecting then existing compensation or job rank, which is not what Plaintiff is claiming in this case. Zamboni v. Stamler, 847 F.2d 73, 80-83 (3d Cir. 1988). Plaintiff has not cited a case where Pierce applies to post-employment retaliatory conduct. Like Plaintiff's proposed CEPA claim, Plaintiff cannot maintain a common law claim under Pierce because he was not an employee at the time he reported the alleged illegal conduct to the Township Committee or at the time the Township Committee allegedly failed to rehire him for reporting the conduct. See Beck, 312 N.J.Super. at 348 (holding that the plaintiff could not maintain a wrongful discharge claim under Pierce because he did not report the allegedly illegal conduct to OSHA until after he was discharged). Further, Plaintiff has not alleged a retaliatory action that is recoverable under Pierce. Plaintiff's proposed amendment is not alleging wrongful discharge or other retaliatory action affecting compensation or job rank in retaliation for reporting allegedly illegal conduct to the Township Committee while he was still employed by Defendant. Rather, Plaintiff is alleging that he was not reinstated or rehired after advising the

---

of CEPA, N.J.S.A 34:19-8, prevents an employee from pursuing statutory and common-law retaliatory discharge causes of action. See Young, 141 N.J. at 29 ("We hold that the waiver exception, for purposes of this case, that once a CEPA claim is 'instituted,' any rights or claims for retaliatory discharge based on a contract of employment . . . are all waived"). However, since this Court has decided that Plaintiff's proposed cause of action under CEPA is futile, the CEPA waiver argument is moot.

Township Committee that his replacement was hired in violation of New Jersey law. The failure to rehire is not a retaliatory action that is recoverable under <u>Pierce</u> because a failure to rehire or reinstate does not effect Plaintiff's then existing compensation or job rank. <u>See</u> <u>Zamboni</u>, 847 F.2d at 83. Therefore, Plaintiff's proposed common law claim for retaliation is futile.

    Accordingly, for the foregoing reasons,

    IT IS on this 16th day of June 2008 hereby

    ORDERED that Plaintiff's Motion to Amend the Pleadings is DENIED.


                                              /s/ Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge