(Not for Publication) (Docket Entry No. 16)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| DENNIS L. CARLSON, | : |
| Plaintiff, | : Civil No. 06-3779 (RBK) |
| v. | : **OPINION** |
| TOWNSHIP OF LOWER ALLOWAYS CREEK, et al. | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion for partial summary judgment filed by Defendants the Township of Lower Alloways Creek, Mayor Wallace Bradway, and Members of the Township Committee of Lower Alloways Creek ("the Township Committee"). Plaintiff, a former Superintendent of Public Works, claims that Defendants terminated him from that position in retaliation for his opposition to the harassment of older workers and in retaliation for his filing an EEOC charge, in violation of the Age Discrimination in Employment Act, the New Jersey Law Against Discrimination "NJLAD"), and N.J. Stat. Ann. § 40A:9-154.6 ("the Tenure Statute"). Defendants seek summary judgment as to Plaintiff's claim under the Tenure Statute, and as to Plaintiff's claims against the individual defendants. For the reasons discussed below, the Court will grant Defendants' motion as to the Tenure Act claim and the claims against the members of the Township Committee and will deny Defendants' motion with regard to the claim

against Mayor Bradway.

## I. BACKGROUND

On October 3, 2000, the Township Committee adopted a motion to appoint Plaintiff Dennis L. Carlson as Temporary Public Works Manager from October 1, 2000 through December 31, 2000. The motion stated that the Township Committee intended for Plaintiff to replace Harold Underwood as Superintendent of Public Works when Underwood retired on January 1, 2001. (Defs.' Ex. B.)

On October 30, 2000, the Township Committee entered into a contract with Plaintiff providing that Plaintiff would serve as Superintendent of Public Works from January 1, 2001 until December 31, 2003. (Defs.' Ex. E.) On January 6, 2004, the Township Committee entered into a second contract with Plaintiff, which provided that Plaintiff would serve as Superintendent of Public Works for an additional two-year term, terminating on December 31, 2005. This contract stated "Tenure shall be provided pursuant to NJSA 40A:9-154.6." (Defs.' Ex. F.)

Plaintiff claims that while he was employed as the Superintendent of Public Works, he spoke out against the Township Committee's discrimination against older employees. He claims that in response to his advocacy on behalf of older employees, charges of insubordination or serious breach of discipline, neglect of duty, and failure to obey valid directives were brought against him in 2004. A hearing was held on March 17, 2005, but did not result in a resolution of charges. On August 26, 2005, Plaintiff met with Mayor Bradway and Committeeman Robert Drummond, who expressed concerns that Plaintiff may have retaliated against one of his employees for testimony he gave at a Plaintiff's hearing. (Pl.'s Ex. 2.) The next day, Plaintiff submitted a grievance to Mayor Bradway and the members of the Township Committee,

claiming that the meeting on August 26 constituted harassment and retaliation. This grievance stated that Plaintiff had filed a charge with the EEOC. (Pl.'s Ex. 3.) In early September, Mayor Bradway and Committeeman Drummond responded, stating that because the August 26 meeting was not a disciplinary action, the grievance procedure was inapplicable. (Pl.'s Ex. 4.) On September 6, Plaintiff again requested that his grievance be heard at the September 20 Township meeting. Plaintiff also requested records related to the charges against him. On September 12, the Township denied this request, stating that information generated by public employers or employees in connection with grievances is confidential. (Pl.'s Ex. 5, 6.)

On September 20, 2005, the Committee (including Mayor Bradway) unanimously adopted a resolution to remove Plaintiff from his position; the resolution stated that the effective date of Plaintiff's termination was September 20, 2005. The resolution also provided that Plaintiff would be paid through December 31, 2005. (Defs.' Ex. H.)

On August 11, 2006, Plaintiff filed this suit against the Township of Lower Alloways Creek, Mayor Wallace Bradway, Members of the Township Committee of Lower Alloways Creek, and/or John Does 1-10. Plaintiff claims that he was terminated in retaliation for his opposition to the harassment of older employees and in retaliation for his filing an EEOC charge. Plaintiff also alleges that he was terminated in violation of the Tenure Statute. Plaintiff's claims include: (1) violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (2) violation of the NJLAD, N.J. STAT. ANN. § 10:5-1 et seq; (3) infliction of severe emotional distress; and (4) violation of the Tenure Statute. Defendants subsequently filed the motion for partial summary judgment now before the Court. Plaintiff opposes this motion.

**II.  STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III. DISCUSSION**

    **A. Tenure Statute, N.J. STAT ANN. § 40A:9-154.6**

Defendants argue that they are entitled to summary judgment on Plaintiff's Tenure Statute claims because the Tenure Statute does not apply to Plaintiff. First, Defendants argue that the Tenure Statute does not apply because the Township Committee never passed an ordinance making the Tenure Statute applicable in the Township of Alloways Creek. Second, Defendants argue that even if the statute applied in Alloways Creek, Plaintiff did not hold this position for five years, as required by the Tenure Statute.

    The Tenure Statute provides in relevant part:

> A person holding office, position or employment as full-time municipal superintendent of public works who has held the office, position or employment continuously for 5 years or more shall continue to hold the office, position or employment, notwithstanding he is serving for a fixed term, during good behavior and efficiency and shall not be removed therefrom for political or other reasons except for good cause, upon written charges filed with the municipal clerk and after a public, fair and impartial hearing; except that the governing body of the municipality shall first pass an ordinance authorizing the tenure of office herein provided.

N.J. STAT. ANN. § 40A:9-154.6. Defendants argue that the phrase "except that the governing body of the municipality shall first pass an ordinance authorizing the tenure of office herein provided" indicates that the Tenure Statute would not apply to the Superintendent of Public Works in the Township of Lower Alloways Creek unless the Township Committee had passed an authorizing ordinance.

    This Court has been unable to find any cases directly addressing whether the Tenure Statute requires a municipality to pass an ordinance in order for the statute to apply in that municipality. However, language from one New Jersey District Court case seems to support

Defendants' interpretation.  See McKeever v. Twp. of Washington, 236 F. Supp. 2d 400, 404 (D.N.J. 2002) (stating that Tenure Statute "**allows** municipalities to give tenure to persons who hold the office of municipal superintendent of public works continuously for five years or more") (emphasis added).  Furthermore, the Court notes that in interpreting statutes, courts give the statutory language its ordinary meaning.  Lane v. Holderman, 129 A.2d 8, 13 (N.J. 1957).  Giving the language of the Tenure Statute its ordinary meaning, the Court concludes that the statute applies in a municipality only if that municipality has passed an ordinance authorizing tenure.

      Defendants argue that the Township Committee never passed an ordinance making the Tenure Statute applicable to the Lower Alloways Township Superintendent of Public Works.  In support of this argument, Defendants have presented three ordinances that the Township Committee has passed regarding the position of Superintendent of Public Works.  None of these ordinances authorizes tenure.  (Defs.' Ex. G.)   Plaintiff, in his response, has not presented any ordinance that does.   Instead, he states that he is "unable to agree or disagree as to whether or not the Township ever enacted an Ordinance providing for tenure for the Superintendent of Public Works" and that  "it makes little difference whether an ordinance had been enacted or not."  (Pl.'s Br. at 4, 12.)  Plaintiff argues that the fact that his contract stated that tenure would be provided pursuant to the Tenure Statute was sufficient.  However, the statute specifically provides that it is effective only after the municipality has passed an ordinance authorizing tenure.  The Court finds that there is no evidence that the Township Committee ever passed an ordinance making the Tenure Statute applicable to the Lower Alloways Township Superintendent of Public Works.  Therefore, the Court grants Defendants' motion for summary

judgment on Plaintiff's Tenure Statute Claim.

### B. Claims Against Mayor and Members of Committee

Defendants argue that they are entitled to summary judgment as to Plaintiff's claims against Mayor Bradway and the members of the Township Committee because these claims were brought against these defendants in their official capacity. Defendants argue that such claims are identical to the claims brought against the Township, and therefore should be dismissed.

#### 1. Members of Township Committee

As to the members of the Township Committee, Plaintiff claims he has not sued them individually, but rather has sued the Township Committee "as the governing body of the Township." (Pl.'s Br. at 16.) Therefore, Defendants' motion for summary judgment is granted as to any claims against the members of the Township Committee.[1]

#### 2. Mayor Bradway

As to Mayor Bradway, Plaintiff does not argue that it is proper to sue him in his official capacity, but rather claims that Mayor Bradway can be held personally liable under the NJLAD. Specifically, Plaintiff claims that Mayor Bradway aided and abetted the discriminatory acts of the Township Committee, in violation of N.J. Stat. Ann. § 10:5-12(e).

##### a. Violation of the NJLAD

An individual cannot be held liable for aiding and abetting unless there is an underlying violation of the NJLAD. See Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 307 n.15 (3d

---

[1] The court notes that any claims against Township Committee as a body are redundant because Plaintiff has already sued the Township. See Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002) (granting summary judgment to police department in § 1983 action "[b]ecause the police department is merely an arm of the Township, and thus a redundant party").

Cir. 2004) ("[I]nasmuch as we hold that the district court correctly granted summary judgment to the corporate defendants, any claim [plaintiff] brought against the individual defendants for aiding and abetting fails as well."). The NJLAD makes it unlawful

> For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

N.J. STAT. ANN. § 10:5-12(d). In determining whether summary judgment is appropriate, courts apply the McDonnell Douglas-Burdine framework. See Rogers v. Alternative Res. Corp., 440 F. Supp. 2d 366, 369 (D.N.J. 2006) ("When analyzing claims of employment discrimination under NJLAD based on circumstantial evidence, the Court must employ the McDonnell Douglas-Burdine burden shifting framework at the summary judgment stage."). First, the plaintiff must establish a prima facie case, which in retaliation cases requires the plaintiff to produce evidence that "(1) he or she engaged in protected conduct known to the defendant; (2) he or she was subjected to an adverse employment decision; and (3) there was a 'causal link' between the protected activity and the adverse decision." Marrero v. Camden County Bd. of Soc. Servs., 164 F. Supp. 2d 455, 472-73 (D.N.J. 2001). If the plaintiff establishes a prima facie case, the defendant must present evidence of a legitimate, non-discriminatory reason for the adverse employment action. See Rogers, 440 F. Supp. 2d at 370. If the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's proffered reason is pretextual. Id.

Here, Plaintiff claims that the Township retaliated against him for filing an EEOC

8

charge.[2]  Plaintiff has presented evidence of a prima facie case under the NJLAD.  He has presented evidence that he engaged in a protected activity – filing an EEOC charge – and that Mayor Bradway and members of the Township Committee were aware of this activity.  Further, Plaintiff has presented evidence that he suffered the adverse employment action of being terminated.  Plaintiff has also presented evidence that his grievance was rejected, and that his requests for a hearing before the Township Committee regarding his grievance and for documents in connection to grievances filed against him were denied.   Thus, Plaintiff has satisfied the first two prongs of the prima facie case.

      The third element of Plaintiff's prima facie case, causation, may be established by showing that the adverse employment action occurred shortly after the protected activity.  See Rogers, 440 F. Supp. 2d at 376 (stating that temporal proximity is "often 'sufficient to raise the inference that [the plaintiff's] protected activity was the likely reason for the adverse action'" (quoting  Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir.1997)).  Here, Plaintiff was terminated less than one month after he informed Mayor Bradway and the Township Committee that he had filed an EEOC charge.  The Court finds that this is sufficient evidence of causation for purposes of establishing a prima facie case of retaliation.  Furthermore, the Court notes that Defendants have not articulated a legitimate non-discriminatory reason for their actions.  Therefore, the Court finds that there is sufficient evidence of retaliation in violation of the NJLAD to withstand Defendants' motion for summary judgment.

---

[2] Plaintiff also claims that he was retaliated against for opposing discrimination against older employees of the Township.  However, Plaintiff has not presented evidence of his opposition, nor has he presented any evidence of Mayor Bradway's role in the alleged retaliation for this opposition.

### b. Aiding and Abetting

Because the Court has found that Plaintiff has presented sufficient evidence of a NJLAD violation, the Court must now consider whether there is sufficient evidence that Mayor Bradyway aided or abetted this violation. The NJLAD makes it unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J. STAT. ANN. § 10:5-12(e). To show that an individual is liable as an aider and abetter, a plaintiff must show "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." Tarr v. Ciasulli, 853 A.2d 921, 929 (N.J. 2004) (quoting Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 127 (3d Cir.1999)).

Here, Plaintiff has presented evidence that Mayor Bradway rejected his grievance, denied his request to have his grievance heard at the public session of the Township Committee, and denied his request for documents relating to the charges against him. Further, Mayor Bradway voted in favor of Plaintiff's termination.[3] The Court finds that this is sufficient evidence that Mayor Bradway aided in the allegedly retaliatory conduct, and therefore denies Defendants' motion for summary judgment as to Mayor Bradway.

---

[3] The Court notes that Mayor Bradway likely has legislative immunity with regard to his vote in favor of Plaintiff's termination. See Brown v. City of Bordentown, 791 A.2d 1007, 1010 (N.J. Super. Ct. App. Div. 2002). However, Defendants have not mentioned a legislative immunity defense.

**IV. CONCLUSION**

       For the foregoing reasons, Defendants' motion for partial summary judgment is granted as to Plaintiff's Tenure Act claim and as to Plaintiff's claims against the members of the Township Committee.  Further, Defendants' motion is denied with respect to Plaintiff's claim against Mayor Bradway.


Dated:   12-2-08                                                         /s/ Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge